**Jason K. Singleton, State Bar #166170**
**jason@singletonlawgroup.com**
**Richard E. Grabowski, State Bar #236207**
**rgrabowski@mckinleyville.net**
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX 441-1533**

**Attorneys for Plaintiff, ASIS INTERNET SERVICES and JOEL HOUSEHOLTER**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**CONSUMERBARGAINGIVEAWAYS, LLC, an Illinois Limited Liability Company, dba OPINIONRESEARCHPANEL aka OPINIONRESEARCHPANEL.COM, CONSUMER REVIEW NETWORK, LLC, a Delaware Limited Liability Company, dba CONSUMERREVIEWNETWORK.COM, DIRECTGIFTCARDPROMOTIONS, LLC, an Illinois Limited Liability Company, dba LAPTOPREVIEWPANEL aka LAPTOPREVIEWPANEL.COM, JEFF M. ZWEBEN, and DOES ONE through FIFTY, inclusive,**<br><br>**Defendants.** | **Case No.**<br><br>**COMPLAINT FOR LIQUIDATED DAMAGES FOR VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17529.5**<br><br>**DEMAND FOR JURY TRIAL** |

**Plaintiffs: ASIS INTERNET SERVICES, a California corporation,** an Internet Service Provider; **and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,** an Internet Service Provider, complain of Defendants **CONSUMERBARGAINGIVEAWAYS, LLC, an Illinois Limited Liability Company, dba OPINIONRESEARCHPANEL aka OPINIONRESEARCHPANEL.COM, CONSUMER REVIEW NETWORK, LLC, a Delaware Limited Liability Company, aka CONSUMERREVIEWNETWORK.COM,**

**DIRECTGIFTCARDPROMOTIONS, LLC, an Illinois Limited Liability Company, dba LAPTOPREVIEWPANEL aka LAPTOPREVIEWPANEL.COM, JEFF M. ZWEBEN (hereinafter collectively referred to as "ADVERTISERS"), and DOES ONE through FIFTY, inclusive**, and alleges violations of ***California Business and Professions Code*** §17529.5(a) and request liquidated damages and attorney fees authorized as remedies under ***California Business and Professions Code*** §17529.5(b)(1)(B) and (C).

**JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction of this action pursuant to 28 ***USC*** §1332 for disputes between citizens of different states where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 ***USC*** §1332. The amount in controversy is $928,000.00, the Plaintiffs are citizens of California, and the Defendants are citizens of Illinois and Delaware.

2. Defendants have purposely availed themselves of the privileges of conducting activities in the forum, the email advertisements are the subject of the action, and exercise of jurisdiction is reasonable since Defendants should have known that they would be subject to the jurisdiction and laws of the forum when **ADVERTISERS** had mass commercial email advertisements sent in violation of ***California Business & Professions Code*** §17529 to persons at Northern California Internet Service Providers. ***Dole Food Co., Inc. v. Watts***, 303 F.3d 1104 at 1112-1114 (9th Cir., 2002) (where the court found that a foreign corporation that communicated directly and substantially with the plaintiffs with the purpose of harming the plaintiffs had expressly aimed their acts at the forum state); ***Asis Internet Services v. Imarketing Consultants, Inc.***, Slip Copy, 2008 WL 2095498 at *3 N.D.Cal.,2008 (where the court found specific jurisdiction based on defendant sending mass emails to persons in the forum); ***Aitken v. Communications Workers of America***, 496 F.Supp.2d 653 at 659 (E.D.Va., 2007); ***Verizon Online Services, Inc. v. Ralsky***, 203 F.Supp.2d 601 at 611-620 (E.D.Va., 2002); and ***Internet Doorway, Inc. v. Parks***, 138 F.Supp.2d 773 at 779-780 (S.D.Miss., 2001). These advertisements represent a request to do business with the intended recipients and establish contractual relationship with the intended recipients. These email

advertisements therefore establish the existence of deliberate and continuing obligations with residents of the forum state, California. Therefore, Defendants: "has availed itself of the privilege of conducting business there, and because its activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require it to submit to the burdens of litigation in that forum as well." ***Burger King Corp. v. Rudzewicz,*** 471 U.S. 462 at 476 (1985).

3. Venue is proper in this Court pursuant to 28 ***USC*** §1391(a)(2) and is founded on the fact that a substantial part of the unlawful actions of the Defendants occurred in this judicial district, that is the emails were sent to Email and Internet Service Providers in Garberville, California, and Eureka, California.

**FACTUAL ALLEGATIONS**

4. Plaintiffs are informed and believe and based thereon allege that Defendant **CONSUMERBARGAINGIVEAWAYS, LLC,** is and was at all times relevant herein a business located at address 848 Dodge Avenue #313, Evanston, IL 60201. Plaintiffs are informed and believe and based thereon allege that Defendant **CONSUMERBARGAINGIVEAWAYS, LLC (hereafter "CBG")** is an Illinois Limited Liability Company.

5. Plaintiffs are informed and believe and based thereon allege that Defendants, **CONSUMER REVIEW NETWORK, LLC dba CONSUMERREVIEWNETWORK.COM** is and was at all times relevant herein a business located at address 655 Deerfield Road #100-193 Deerfield, IL 60015. Plaintiffs are informed and believe and based thereon allege that Defendant **CONSUMER REVIEW NETWORK, LLC (hereafter "CRN")** is a Delaware Limited Liability Company.

6. Plaintiffs are informed and believe and based thereon allege that Defendant **DIRECTGIFTCARDPROMOTIONS, LLC,** is and was at all times relevant herein a business located at address 4064 N. Lincoln #107, Chicago, IL 60618. Plaintiffs are informed and believe and based thereon allege that Defendant **DIRECTGIFTCARDPROMOTIONS, LLC (hereafter "DGCP")** is an Illinois Limited Liability Company.

7. Plaintiffs are informed and believe and based thereon allege that Defendant

**JEFF M. ZWEBEN** is a resident of Evanston, Illinois, residing at 2119 Dewey Avenue, Suite B, Evanston, IL 60201, and that **JEFF M. ZWEBEN** is the owner, manager, and sole principal responsible for the daily activities of **CBG**, **CRN, and DGCP**.

8. Plaintiffs are informed and believe and based thereon allege that Defendants **CRN** are in fact agents, partners, or employees of Defendants **CBG.** See the WHOIS report for website **CONSUMERREVIEWNETWORK.COM** indicating ownership by **CBG** attached hereto as Exhibit “A.”

8. Plaintiffs are informed and believe and therefore allege that Defendants **OPINIONRESEARCHPANEL aka OPINIONRESEARCHPANEL.COM,** are aliases or agents for Defendant **CBG**. (See the Terms and Conditions and the Privacy Policy for **OPINIONRESEARCHPANEL aka OPINIONRESEARCHPANEL.COM** which state: “The OpinionResearchPanel Website is a media property owned by ConsumerBargainGiveaways, LLC, a leading online marketing company.”, attached hereto as Exhibit “B.” In addition, see the WHOIS report for **OPINIONRESEARCHPANEL.COM** indicating ownership by **CBG** attached hereto as Exhibit “C.”

9. Plaintiffs are informed and believe and therefore allege that Defendants **LAPTOPREVIEWPANEL aka LAPTOPREVIEWPANEL.COM** are aliases or agents for Defendant **DGCP**. (See the Terms and Conditions and the Privacy Policy for **LAPTOPREVIEWPANEL aka LAPTOPREVIEWPANEL.COM** which state: “The LaptopReviewPanel Website is a media property owned by DirectGiftCardPromotions, LLC, a leading online marketing company.” attached hereto as Exhibit “D.” In addition, see the WHOIS report for **LAPTOPREVIEWPANEL.COM** indicating ownership by **DGCP** attached hereto as Exhibit “E.”

10. Plaintiffs **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER** do not know the true names and capacities of defendants **CONSUMERBARGAINGIVEAWAYS, LLC, dba OPINIONRESEARCHPANEL aka OPINIONRESEARCHPANEL.COM, CONSUMER REVIEW NETWORK, LLC aka CONSUMERREVIEWNETWORK.COM, DIRECTGIFTCARD-PROMOTIONS, LLC, dba LAPTOPREVIEWPANEL aka LAPTOPREVIEWPANEL.COM,**

**JEFF M. ZWEBEN, and DOES ONE through FIFTY, inclusive**, their business capacities, their ownership connection to the business(s), nor their relative responsibilities in causing the violations of ***California Business and Professions Code*** §17529.5 and other violations herein complained of, and alleges, on information and belief, a joint venture and common enterprise by all such defendants. Plaintiffs are informed and believe that each of the defendants herein, including **DOES ONE to FIFTY, inclusive**, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venture, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiffs will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **CONSUMERBARGAINGIVEAWAYS, LLC, dba OPINIONRESEARCHPANEL aka OPINIONRESEARCHPANEL.COM, CONSUMER REVIEW NETWORK, LLC aka CONSUMERREVIEWNETWORK.COM, DIRECTGIFTCARDPROMOTIONS, LLC, LAPTOPREVIEWPANEL aka LAPTOPREVIEWPANEL.COM, JEFF M. ZWEBEN, and DOES ONE through FIFTY, inclusive**, are ascertained.

11. Plaintiffs are informed and believe and therefore allege that all named Defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

12. Plaintiff **ASIS** is a California corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet service and email service within the meaning of ***California Business & Professions Code*** §17529.5. **ASIS** received the emails at issue while performing services as an internet access provider and email service provider for its customers.

13. Plaintiff **FOGGY** is a sole proprietorship located in Eureka, California. **FOGGY** provides internet and email service within the meaning of ***California Business & Professions Code*** §17529.5. **Foggy** received the emails at issue while performing services as an internet access provider and email service for its customers.

14. Plaintiffs are informed and believe and based thereon allege that Defendants advertised in **597** commercial electronic mail advertisements sent to Plaintiff **ASIS'** protected computers from September 12, 2007, through September 27, 2008, containing header information that was falsified, misrepresented, or forged.

15. Plaintiffs are informed and believe and based thereon allege that Defendants advertised in **331** commercial electronic mail advertisements sent to Plaintiff **FOGGY's** protected computers from August 22, 2007, through September 28, 2008, containing header information that was falsified, misrepresented, or forged.

16. Plaintiffs are informed and believe and based thereon allege that Defendants advertised in **597** commercial electronic mail advertisements sent to Plaintiff **ASIS'** protected computers from September 12, 2007, through September 27, 2008, with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message.

17. Plaintiffs are informed and believe and based thereon allege that Defendants advertised in **331** commercial electronic mail advertisements sent to Plaintiff **FOGGY's** protected computers from August 22, 2007, through September 28, 2008, with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message.

18. Plaintiffs state that the email accounts that the **597** commercial emails sent to **ASIS** accounts did not solicit the emails. Plaintiffs state that some of the email accounts that the **331** commercial emails sent to **FOGGY** accounts did not solicit the emails. These emails were unsolicited because they were sent to unassigned or inactive email accounts owned by

**ASIS** and **FOGGY**. **ASIS** did not solicit any product, service, or information from any entity using these email accounts. **FOGGY** did not solicit any product, service, or information from any entity using these email accounts.

**FIRST CAUSE OF ACTION**
**(Violation of *California Business and Professions Code* §17529.5**
**Unlawful activities relating to commercial email advertisements.)**

19. Plaintiffs refer to the allegations of paragraphs 1 through 18 of this complaint and incorporate the same herein by this reference as though set forth in full.

20. Plaintiffs are informed and believe and based thereon allege that all of the relevant electronic mails sent by or on behalf of the Defendants on August 22, 2007, through September 28, 2008, contained or were accompanied by header information that was materially false or materially misleading. **891** of the **928 (597** to **ASIS** and **331** to **FOGGY)** messages indicated that they were from email accounts belonging to the recipients. The remaining 37 from names are related to the subject of the emails, such as “Restaurant Savings”, “Gift Card Notice”, and “Gas for a year”. The **891** emails contain ‘from names’ on the emails that indicate the emails were from the persons receiving the emails. In all cases, the from header information contained a different email account in the sender Id field that was obviously stolen or does not exist. For example, the email in sample 1 indicates the email is both from “catskinner@asis.com” to “catskinner@asis.com”. See Sample emails in Exhibit “F.” The sender id information indicates the email is from “mejnryhopw@amazon.com” a user at amazon.com. However, the IP address in all but one of the email header indicates the email was sent from a Verizon Internet service IP address. The one email IP address not from Verizon comes from PenTeleData, Inc., a cable provider of DSL. These IP addresses are assigned to DSL Internet customers. These computers are consumer DSL personal computers. See Exhibit “G for the IP addresses and its owner listed as sending IPs in the emails. All of the emails appear to come from consumer IP addresses, however, the sending domain names are from well known companies such as “dell.com”, “sun.com”, “borland.com”, “microsoft.com”, “google.com”, “ibm.com”, etc. See Exhibit “H” for a complete list of sending domain names. See Exhibit “I” for ARIN information regarding the company IP addresses for

the domains contained in the sender id fields. All of these well known companies have their own IP address blocks that do not coincide with the Verizon or PenTeleData blocks. Therefore the sending email accounts were either stolen or are forged and the true sender of the emails cannot be identified by the header information. Forging the recipient's name in the sending name field indicates a clear intent to trick the recipient and possibly the email service providers filtering software into thinking the emails are safe and from a known source. Therefore, the electronic mail violated ***California Business and Professions Code*** §17529.5(a)(1) and (2).

9. Plaintiffs further allege that the Defendants sent or had sent **928** (**597** to **ASIS** and **331** to **FOGGY)** separate unsolicited electronic mail advertisements to plaintiffs' computers that include various subject lines that were false and misleading and would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message in violation of ***California Business and Professions Code*** §17529.5(a)(3). Plaintiffs allege that the "circumstances" required are plainly visible in the actual subject lines of the emails. The email subject lines received by Plaintiffs were clearly intended to get someone to open the email by enticing them with free gifts such as: "Your JCPenny 500 USD Gift Card!", " CONFIRMATION: We have your $100 Visa Gift Card ready to ship!", "[QUAR] You were chosen to receive a $500 JCPenney Gift Card!", and "[QUAR] Your $500 JCPenney Holiday Gift Card Expiring Soon" See Sample emails in Exhibit "F" and see a complete list of subject lines appearing the emails at Exhibit "J." 15 ***USC*** §45 is titled "Unfair methods of competition unlawful; prevention by Commission," and enables the Federal Trade Commission to issue orders regarding unfair trade practices. 15 ***USC*** §45(d) provides that the orders of the Commission are exclusive unless overturned by the United States Court of Appeals. The FTC has issued 16 ***CFR*** part 251, "Guide concerning use of the word 'free' and similar representations." 16 ***CFR*** Part 251 states that the terms of the offer should be set out clearly and conspicuously at the outset of the offer so that no misunderstanding can occur. Most of the email subject lines represent that the recipient has received a free gift. Some state that participation is required. 16 ***CFR*** part 251 clearly states that the requirements for participation must appear within the same page of the offer and must

be conspicuous. None of the emails describe any terms or conditions on the first page. Some of the emails contain, on the second page of the email, a summary of requirements. Once the recipient clicks on the active links in the email they are taken to one of several landing pages where they must submit email information to continue. See Exhibit "K" Landing Page 1. At this point they are given an opportunity to review the Privacy Policies and Terms and Conditions to acquire the free gifts. See Exhibit "L" Privacy policies and Terms & Conditions for **CONSUMERREVIEWNETWORK.COM**. After entering their information, the recipient is taken to a second page where they are required to provide detail personal information and told to receive their gift they must: "1) Register with valid information; 2) Complete the user survey; 3) Complete at least 2 Silver,1 Gold, and 1 Platinum offers (available reward offers will vary). Some reward offers require a purchase. Credit card offers may require you to activate the card by making a purchase, transferring a balance or taking a cash advance. Click on the following links to go directly to the reward offer pages: Silver, Gold, Platinum); 4) follow the redemption instructions. All program requirements must be completed within 120 days of the date of registration. Allow 6-8 weeks for delivery. Limit of one (1) gift per household. No cash redemption value." See Exhibit "M" **CONSUMERREVIEWNETWORK.COM** Landing page 2. Nowhere in the email is the recipient alerted what or how much the free gift will cost. The subject lines are clearly intended to trick the recipients into thinking they are getting a free gift in order to entice them into opening and responding to the emails. The email subject lines are in violation of 16 ***CFR*** part 251 and therefore in violation of ***California Business and Professions Code*** §17529.5(a)(3).

21. As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial email transmitted in violation of ***California Business and Professions Code*** §17529.5(a) as set forth in ***California Business and Professions Code*** §17529.5(b)(1)(B)(ii).

22. Plaintiffs furthermore seek their attorney fees and costs against the defendants pursuant to ***California Business and Professions Code*** §17529.5(b)(1)(C).

**WHEREFORE**, plaintiffs pray judgment against the defendants and each of them as

follows:

1. For liquidated damages of $1,000.00 for each violation of ***California Business and Professions Code*** §17529.5(a) in the sum of **$928,000**;

5. For an award of reasonable attorneys' fees and costs according to proof;

6. For costs of suit; and

7. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated: October 17, 2008

/s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski,
Attorneys for Plaintiffs, **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated: October 17, 2008

/s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski
Attorneys for Plaintiffs, **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**