**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiffs, ASIS INTERNET SERVICES and JOEL HOUSEHOLTER**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,**<br><br>Plaintiffs,<br>vs.<br><br>**CONSUMERBARGAINGIVEAWAYS, LLC, et al.,**<br><br>Defendants. | Case No. C-08-4856 WHA<br><br>PLAINTIFFS' APPLICATION TO AMEND OPPOSITION WITH SUPPLEMENTAL MATERIALS TO DEFENDANTS' MOTION TO DISMISS AND (~~PROPOSED~~) ORDER |

Plaintiffs, **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER,** request the Court's permission to amend their Opposition (filed as Docket 31) with supplemental materials. (See Civil Local Rule 7-3 and 7-4; also see the Court's Order of March 4, 2009 (Docket 42).) The supplemental materials have been incorporated in the original Opposition papers amended in a manner that keeps the paper within the 25 page requirement of Civil Local Rule 7-3(a).

Plaintiff's wish to amend the opposition to add arguments and legal support for key issues within this matter.  The basic argument, proposed by Defendants in their Motion to dismiss, is that ***California Business & Professions Code*** §17529.5 is preempted by the ***CAN SPAM Act of 2003*** unless it sounds in common law fraud.  Defendants' premise is based on the holding in the Northern District Court decision of ***Hoang v. Reunion.com, Inc.,*** Slip Copy, 2008 WL 4542418 (N.D. Cal., October, 2008); relying on ***Omega World Travel, Inc. v.***

*Mummagraphics, Inc.*, 469 F.3d 348, 353-56 (4th Cir.2006) and ***Kleffman v. Vonage Holdings Corp.***, 2007 WL 1518650, *3 (C.D. Cal. 2007). Further research has revealed that all of these cases are in fact decisions concerning consumers. Both ASIS and Joel Householter are email service providers, not consumers within the definition of the statute. This makes Plaintiffs into third party representatives assigned by the legislature to bring actions, and Supreme Court decisions allow that they may rely on the interests of the general public in brining those actions. This distinction is key to this matter. In the amended paper Plaintiffs have separated the issue and provided support, legal and factual, as to why this distinction is important to the Court's decision in this case.

Therefore, for good cause shown, Plaintiffs request that the Court allow the Amended Opposition.

**SINGLETON LAW GROUP**

Dated: March 5, 2009    /s/ Richard E. Grabowski
Jason K. Singleton
Richard E. Grabowski
Attorneys for Plaintiffs, **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**

**(PROPOSED) ORDER ALLOWING AMENDED OPPOSITION**

Plaintiffs' Application having come before the Court and for good cause shown, it is hereby ordered that Plaintiffs' Application to file the Amended Opposition is granted.

DATED: March 16, 2009    _____
HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge William Alsup